UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM KALK,

        Plaintiff,

v.                                 Case No. 16-CV-1017

SPECIALIZED LOAN SERVICE et al.,

        Defendant.

## DECISION AND ORDER

Plaintiff, William Kalk, filed an emergency request for a stay. Liberally construed, Kalk requests a preliminary injunction barring Specialized Loan Service, Bank of New York Mellon, Series 2007-10 Bank of America NA, Series 2006-10 Bank of America NA, Federal National Mortgage Association, and the Waushara County Sheriff Office (collectively Defendants) from moving forward with the foreclosure sale ordered by the state court. Kalk's verified complaint alleges that he owned property located at W7849 State Road 152, Wautoma, Wisconsin (the Property) and resided at the Property since 2007. He was unable to make mortgage payments, and Defendants initiated foreclosure proceedings in state court. Kalk removed the action to this Court. Although Defendants have not been served or entered an appearance, given Kalk's pro se status and the immediacy of the purported sale of the Property, his motion is addressed herein.

To obtain injunctive relief, a plaintiff must show that he is likely to succeed on the merits, that he is likely to suffer irreparable harm without an injunction, that the harm that he would suffer without a preliminary injunction is greater than the harm that the injunction would inflict on the defendants, and that the injunction is in the public interest. *Judge v. Quinn*, 612 F.3d 537, 546 (7th

Cir. 2010). These considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted. *Id.*

At this stage in the proceedings, the Court is unable to find that there is a reasonable likelihood that Kalk will succeed on the merits of his breach of contract, breach of the covenant of good faith and fair dealing, and Fair Debt Collection Practice Act claims. This is not to say that the ultimate issue in dispute has been resolved. However, based on the factual statements in Kalk's complaint, he has failed to establish a likelihood of success on the merits. Additionally, Kalk has failed to show that he will suffer greater harm than Defendants. He does not address the harm to him; however, implicit in his request for injunctive relief is the harm that he will sustain if the Property is sold. Defendants are the legal owners of the Property and want to sell it. While finding a new place to live in a short time would be difficult, Kalk's legal claims are weak, and he is interfering with Defendants' legal interest in the Property. The harms to Defendants' interests outweigh those claimed by Kalk. The public interest also weights in favor of Defendants. The Court cannot conclude that the issuance of a stay or injunction is appropriate. Accordingly, Kalk's motion for an emergency stay is **DENIED.**

**SO ORDERED** this   9th   day of August, 2016.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court