UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM O. KALK,

    Plaintiff,

v.                                                             Case No. 16-C-1017

SPECIALIZED LOAN SERVICE, et al.,

    Defendants.

## ORDER

    Plaintiff, William Kalk, filed this action on August 3, 2016 for injunctive and declaratory relief to prevent a foreclosure sale scheduled for August 29, 2016. On August 22, 2016, Kalk filed three motions: an emergency motion for a temporary restraining order and preliminary injunction, an emergency motion for an order to show cause, and a motion for an order shortening the time to hear his motions. (ECF Nos. 7, 10, 12.)

    As a preliminary matter, the court finds that it has no subject matter jurisdiction over this action. Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). After reviewing the complaint, the court finds it does not have subject matter jurisdiction over this action based on either diversity jurisdiction pursuant to 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331.

    Diversity jurisdiction exists when there is complete diversity of citizenship among the parties to an action and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen

of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). In this case, complete diversity does not exist because Kalk and the Waushara County Sheriff Office, one of the defendants, reside in Wisconsin.

Additionally, Kalk failed to sufficiently plead a federal question. For a court to exercise federal question jurisdiction, a well-pleaded complaint must establish "that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). A federal court must entertain a complaint seeking recovery under the Constitution or laws of the United States "unless the alleged federal claim either 'clearly appears to be immaterial and solely made for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) (quoting *Bell v. Hood*, 327 U.S. 678, 681–82 (1946)). If a district court determines a complaint is undermined by either deficiency, "the complaint must be dismissed for want of federal subject matter jurisdiction." *Ricketts*, 874 F.2d at 1180.

Kalk makes one reference to federal law by stating "[u]pon information and belief plainti [sic] believes that defendants and each of them acting in coucert [sic] have violated the Fair Debt Collection Practice Act (FDCPA)." Compl. ¶ 35. However, Kalk does not allege any facts suggesting that this is the true nature of his claim. In the body of the complaint, Kalk challenges the foreclosure of the property and claims defendants breached a mortgage contract and violated the covenant of good faith and fair dealing. He does not allege when or how any of the defendants violated the FDCPA. In short, Kalk's FDCPA claim is immaterial and made solely for the purpose of obtaining jurisdiction. His claim is insufficient to vest this court with federal question jurisdiction.

The Court also lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). District courts do not have the power to exercise appellate review over state court decisions. *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). Kalk asks this court to vacate the foreclosure sale and the state court's orders. Instead, Kalk must appeal the state proceeding through the Wisconsin state courts. *See Wright v. Tackett*, 39 F.3d 155, 157–58 (7th Cir. 1994). In sum, Kalk's complaint must be dismissed for lack of subject matter jurisdiction.

Accordingly, **IT IS ORDERED** that this action is dismissed *sua sponte* for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Kalk's motions are **DENIED** as moot.

Dated this   23rd   day of August, 2016.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court